# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANIXTER INC., a Delaware corporation, and ACCU-TECH CORPORATION, a Georgia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COMMODITY CABLES, INC., a Georgia corporation, and FRED RESCIGNO, JR., an individual,<br><br>Defendants. | CASE NO. 11 cv 2684<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge Morton Denlow |

## STIPULATED PROTECTIVE ORDER

Upon submission of this Stipulated Protective Order, the Court finds that the parties to this case may request or produce information involving trade secrets or other confidential commercial information, the disclosure of which is likely to cause harm to the party producing such information, and therefore, enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. This Stipulated Protective Order shall govern all oral and written communications between the parties conducted in furtherance of the parties' Settlement Conferences and Mediations before Magistrate Judge Denlow, including: (1) all documents exchanged between the parties as part of their efforts to resolve this dispute; (2) all oral and written communications between the parties undertaken pursuant to Magistrate Judge Denlow's Settlement Conference procedures; (3) all oral and written communications between the parties made pursuant to Fed. R. Evid. 408; (4) all documents produced by any party in connection with informal discovery requests; (5) all oral and written communications made in connection with settlement and

mediation efforts, and (6) all communications, and documents exchanged between the parties pursuant to the February 15, 2011 Confidentiality Agreement between the parties.

2.     This Stipulated Protective Order shall also be applicable to and govern all documents produced by any party or third party in response to a subpoena, requests for production of documents, all depositions, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as, testimony adduced at trial, matters in evidence and electronically stored information (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or third party in connection with this action.

3.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive, or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.  For a designation of RECORDS as "HIGHLY CONFIDENTIAL MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the HIGHLY CONFIDENTIAL disclosure provided for below.  CONFIDENTIAL MATERIAL and HIGHLY CONFIDENTIAL MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

4. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

   a. the attorneys working on this action on behalf of any party, including in-house attorneys;

   b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

   c. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

   d. any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and subject to the provisions of Paragraph 6 below;

   e. any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential;

   f. photocopy services;

   g. professional translators who are retained by a party or by counsel for a party to this action for the purposes of this litigation, subject to the provisions of Paragraph 6 below;

    h.    stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action;

    i.    jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the parties' outside counsel, subject to the provisions of Paragraph 6 below;

    j.    document imaging and database services and consultants retained to set up, maintain, and/or operate litigation databases for this litigation;

    k.    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action, subject to the provisions of Paragraph 6 below; and

    l.    the Court.

5.    RECORDS designated as "HIGHLY CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

    a.    the attorneys working on this action on behalf of any party, including in-house attorneys;

    b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

    c.    any outside expert or consultant employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and subject to the provisions of Paragraph 6 below;

    d.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential;

    e.    photocopy services;

    f.    professional translators who are retained by a party or by counsel for a party to this action for the purposes of this litigation, subject to the provisions of Paragraph 6 below;

    g.    stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action;

    h.    jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the parties' outside counsel law firms, subject to the provisions of Paragraph 6 below;

    i.    document imaging and database services and consultants retained to set up, maintain, and/or operate litigation databases for this litigation;

    j.    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action, subject to the provisions of Paragraph 6 below; and

    k.    the Court.

6.    The persons described in paragraphs 4(d), (g), (i), (k) and 5(c), (f), (h), and (j) shall have access to the CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed

"ACKNOWLEDGMENT." The other persons described in paragraphs 4 and 5 shall have access to the CONFIDENTIAL MATERIAL and HIGHLY CONFIDENTIAL MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the list of individuals who executed Acknowledgements, upon request. The persons receiving CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order.

7. Any party seeking to disclose CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL to an outside expert or consultant (which is not intended to include outside legal counsel) under Paragraph 4(d) or 5(c) must provide written notice of the identity of that outside expert or consultant to the designating party not less than five (5) business days prior to the disclosure of such information. Written notice shall include a current curriculum of the expert or consultant. The designating party shall have five (5) business days after receiving such written notice to object if reasonable basis exists for objection to such disclosure and shall provide the reasons for its objections. If the designating party so objects, the parties shall make a good faith effort to reach agreement regarding the proposed disclosure within five (5) business days of the objection. If they cannot reach agreement, the designating party may seek a protective order precluding the disclosure of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL to the expert or consultant within ten (10) business days of its objection. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn, unless the parties have mutually agreed to extend the time for seeking relief. During the period while a decision on such protective order is pending with the Court, no disclosure of Protected Material shall be made to the expert or consultant.

8. Each individual who receives any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

9. The recipient of any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise reasonable care with respect to the storage, custody, use, and/or dissemination of such RECORDS.

10. Parties shall designate CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL as follows:

   a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" for RECORDS designated as such; or either: (i) "HIGHLY CONFIDENTIAL MATERIAL"; or (ii) "ATTORNEY'S EYES ONLY" for RECORDS designated as HIGHLY CONFIDENTIAL MATERIAL. In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL at the time of its production, that party shall have fourteen (14) business days after discovery of such error to so stamp or otherwise designate the RECORD.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL the deponent has had access, said counsel shall designate within thirty (30) days after counsel's receipt of the transcript.

c. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

11. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before fourteen (14) days after the producing party is served with the required notice. The burden of proving that

RECORDS have been properly designated as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall be on the party making such designation.

12. The Clerk of the Court is directed to maintain under seal all RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS. The person filing such RECORDS shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

13. In the event that any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL.

15. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and HIGHLY CONFIDENTIAL MATERIAL, and all copies

thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it. In lieu of returning the documents, all such documents may be destroyed provided that a sworn certificate of destruction listing the documents and certifying that they all have been destroyed is sent to the producing party within the sixty (60) day period.

16. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

17. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 16, inclusive hereof.

**IT IS SO ORDERED:**

_____
Morton Denlow
United States Magistrate Judge

October 18, 2011

**Approved as to form and content:**

| | |
|---|---|
| s/_____ | s/David B. Abramowitz_____ |
| David A. Rammelt | Keith D. Parr |
| Dawn M. Beery | David B. Abramowitz |
| K&L GATES LLP | LOCKE LORD LLP |
| 70 West Madison Street | 111 S. Wacker Dr. |
| Suite 3100 | Chicago, IL 60606-4410 |
| Chicago, IL 60602-4207 | Ph: (312) 443-0700 |
| Telephone: 312-807-4271 | Fax: (312) 443-0336 |
| Facsimile: 312-827-8000 | KParr@lockelord.com |
| | DAbramowitz@lockelord.com |

***Attorneys for Plaintiffs Anixter Inc.
and Accu-Tech Corporation***

*Of counsel*:

Peter F. Schoenthaler
Peter F. Schoenthaler, P.C.
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Tel: 404-592-5397
Fax: 404-891-6120
pfs@pfslawgroup.com

***Attorneys for Defendants
Commodity Cables, Inc. and Fred Rescigno, Jr.***

Approved as to form and content:

*Dawn M. Beery*
David A. Rammelt
Dawn M. Beery
K&L GATES LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602-4207
Telephone: 312-807-4271
Facsimile: 312-827-8000

*Attorneys for Plaintiffs Anixter Inc.
and Accu-Tech Corporation*

s/
Keith D. Parr
David B. Abramowitz
LOCKE LORD LLP
111 S. Wacker Dr.
Chicago, IL 60606-4410
Ph: (312) 443-0700
Fax: (312) 443-0336
KParr@lockelord.com
DAbramowitz@lockelord.com

*Of counsel*:

Peter F. Schoenthaler
Peter F. Schoenthaler, P.C.
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Tel: 404-592-5397
Fax: 404-891-6120
pfs@pfslawgroup.com

*Attorneys for Defendants
Commodity Cables, Inc. and Fred Rescigno, Jr.*

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIXTER INC., a Delaware corporation, and ACCU-TECH CORPORATION, a Georgia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COMMODITY CABLES, INC., a Georgia corporation, and FRED RESCIGNO, JR., an individual,<br><br>Defendants. | CASE NO. 11 cv 2684<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge Morton Denlow |

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order in this action, which Order was entered on _____.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL to the attorney who provided such RECORDS to me.

9. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____     _____